FIRST NATIONAL BANK of FARGO, a Corporation, Appellant, v. DICKINSON ROLLER MILLING COMPANY, a Corporation, Respondent.

(199 N. W. 940.)

**Chattel mortgages — evidence held to sustain finding of cancellation of mortgage.**

*Held*, for reasons stated in the opinion, that the evidence is sufficient to support the verdict.

Opinion filed July 25, 1924.

Chattel Mortgages, 11 C. J. § 431 p. 671 n. 67 New.

Appeal from the District Court of Stark County, *Pugh*, J.

Affirmed.

*C. H. Starke*, for appellant.

Where both parties make a motion for a directed verdict they are deemed to consent to a decision by the court of all questions as questions of law. Aber v. Twitchell, 17 N. D. 229.

They in effect admit that the evidence is undisputed and that the

only question to be decided by the court is a question of law. McComb v. Baskerville (S. D.) 106 N. W. 300.

Where the evidence is of such a character that different minds could not reasonably draw different conclusions from it the court ought to direct verdict. Clair v. R. R. Co. 22 N. D. 120; Drew v. Lawrence (S. D.) 159 N. W. 274.

Frank Wilhelm was an interesting witness. This must be taken into consideration in considering the weight to be given his testimony. Dean v. Metro. R. R. Co. (N. Y.) 23 N. E. 1054; Crawley v. La Crosse R. Co. 101 Wis. 145, 77 N. W. 179.

*J. P. Cain,* for respondent.

BIRDZELL, J. This is an appeal from a judgment dismissing the plaintiff's action and for costs and from an order of the trial court overruling a motion for judgment non obstante. In October, 1917, one Max Hendrick sold to one Frank Wilhelm a half section of land and certain personal property in Stark County for $12,000. Wilhelm paid $800, assumed a mortgage for $4,000 and gave a note for $7,300 which represented the remainder of the purchase price. This note was secured by a chattel mortgage on certain personalty and on the crops to be grown in the years 1918 to 1932, inclusive. This mortgage was filed for record. In February, 1918, Hendrick conveyed the land to Wilhelm by deed to enable the latter to obtain feed and seed from the county without any obligation on the part of the former. In July, 1919, Wilhelm mortgaged the land to one Geary for $6,000, and all of the proceeds of the loan were paid to Hendrick. In October, 1920, Hendrick filed for record a renewal affidavit purporting to renew the chattel mortgage originally given, and about this time went to see Wilhelm. They figured the amount still remaining due to Hendrick at $3,430.24, for which Wilhelm gave his note. The first mortgage of $4,000 was foreclosed in 1922, and in that same year Wilhelm raised a crop of wheat, a portion of which he sold to the defendant. Hendrick assigned to the plaintiff the original purchase price note of $7,300 and the mortgage securing it; also, the later note of $3,430.24. Under this mortgage, the plaintiff asserted a claim to the wheat raised in 1922 and sold to the plaintiff, and it made a demand therefor, which demand

was refused. The defendant contends, pursuant to the testimony of Wilhelm, that the original contract of sale and the mortgage securing the $7,300 deferred payment were cancelled in February, 1918, when Hendrick conveyed the land to Wilhelm and that, hence, the plaintiff obtained no right to the crop by the assignment.

On the other hand, the plaintiff contends that there is not sufficient evidence in the record to support a finding by the jury that this mortgage was cancelled. This is the sole question presented upon this appeal.

Hendrick testified that he had never cancelled the chattel mortgage and that he had renewed it by filing an affidavit of the amount due with the register of deeds in October, 1920.

Wilhelm testified as follows:

Q. Do you know where that contract or note or mortgage is?

A. Well, it is destroyed.

Q. Who destroyed it, do you know? A. Mr. Hendrick.

Q. Later on did you have some other deal with Mr. Hendrick where you bought this land and got a deed for it? A. Yes sir. . . .

Q. What did Mr. Hendrick tell you at the time you made this deal? A. He told me that destroyed the contract and we make a new crop mortgage every year in the fall of the year, and he gave me the deed to the land and I can get the feed and seed from the county.

Q. And that the other deal would be cancelled? A. Yes.

Q. He told you that he would cancel that, did he? A. Yes. . . .

Q. Well, when Mr. Hendrick told you that he would cancel the contract and the note and mortgage did you believe him? A. I did.

Q. You believed that he would cancel them just as he told you he would? A. Yes sir.

Upon cross-examination he testified:

Q. Did you believe that this lien was no longer a valid lien on the grain because the land had been foreclosed upon at the time it was sold? A. I did.

Q. That was the reason that you thought you were perfectly safe in selling this grain to any of the elevators? A. I did.

The defendant's counsel asked:

Q. Did you understand Mr. Starke's questions? A. Well, this last one I didn't hardly.

It will be seen that the evidence concerning the deal between Hendrick and Wilhelm, at the time the land was deeded to Wilhelm, is conflicting. If the testimony of Hendrick gives the correct version, the purchase price mortgage on the crops continued, whereas, if the testimony of Wilhelm be correct, it was agreed that this mortgage should be satisfied and that henceforth a crop mortgage should be given each year on the succeeding crops. We do not feel warranted on this record in saying that the evidence of Wilhelm does not afford sufficient foundation for a finding that the original crop mortgage was satisfied and cancelled. Since our conclusion is necessarily based on the evidence quoted above, further discussion is unnecessary.

The judgment and order appealed from are affirmed.

BRONSON, Ch. J., and NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.